# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **HOLLY FURNAS, et al.** : | CASE NO.: 3:20-CV-409 |
| **Plaintiff,** : | |
| v. : | **NOTICE OF REMOVAL OF CIVIL ACTION** |
| **WAL-MART INC., et al.** : | |
| **Defendants.** : | |
| : | |

\*\*\*\*\*\*\*\*\*\*

Defendants Wal-Mart, Inc. and Wal-Mart Stores, Inc. (hereinafter "Wal-Mart" or "Defendants"), by and through counsel, and pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332, respectfully submits this Notice of Removal of Civil Action from the Montgomery County, Ohio Court of Common Pleas. In support of its Notice, Defendant states the following:

1.

On September 17, 2020, Plaintiffs Holly and John Furnas (hereinafter "Plaintiffs"), filed a Complaint in the Court of Common Pleas, Montgomery County, Ohio and captioned Holly Furnas, et al. vs. Wal-Mart, Inc, et al. Case No.: 2020 CV 03603. (A true and correct copy of the Complaint is attached hereto as Exhibit A). The Complaint was served on Wal-Mart Inc. and Wal-mart Stores, Inc. on September 22, 2020.

In the Complaint, Plaintiff Holly Furnas alleges that on July 19, 2019, she was injured as a result of tripping and falling over a wooden pallet at the Wal-mart store located at 8800 Kingsridge Dr., Miamisburg, Ohio. (Pl.'s Compl. at ¶¶ 1-6). The Complaint alleges that Plaintiff suffered the following injuries:

      a. Severe and permanent injuries including but not limited to a Grade III chondromalacia of her right knee, requiring surgery and extensive rehabilitation.
      b. Great pain and suffering, both physical and emotional, and loss of ability to perform usual functions and the injuries will cause further pain and suffering and loss of ability to perform usual functions in the future;
      c. Reasonable and necessary medical expenses in excess of $21,000;
      d. Miscellaneous out of pocket expenses.

(Pl.'s Compl. at ¶ 6). Wal-Mart specifically denies any wrongdoing or civil liability to Plaintiff.

As noted above and asserted in their Complaint, Plaintiffs are Ohio citizens. (*See Complaint*). Wal-mart Stores, Inc. is now known as Wal-Mart, Inc. and both are Delaware corporations with their principal place of business in Bentonville, Arkansas. As such, complete diversity exists between the parties.

2.

This Notice of Removal is filed within thirty (30) days of service of the state court action and is therefore timely under 28 U.S.C. § 1446(b).

3.

The United States District Court for the Southern District of Ohio has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. Removal is proper because:

    (a)    Plaintiffs are Ohio residents (See Complaint);

    (b)    Defendants Wal-mart Stores, Inc. and Wal-mart, Inc. are Delaware corporations with their principal place of business in Bentonville, Arkansas. Defendants are not residents of the State of Ohio; and

(e) The amount in controversy in this case exceeds seventy-five thousand dollars ($75,000).[1] Plaintiff has placed no limitation on her prayer for relief, which demands monetary damages in excess of $25,000.[2] (*See* Complaint at Prayer for Relief)

4.

Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this case (attached hereto as Exhibit B), together with a copy of this Notice of Removal is being filed with the Clerk of the Montgomery County, Ohio Court of Common Pleas and shall be served on Plaintiff.

WHEREFORE, Defendants pray that this action be removed from the Montgomery County, Ohio Court of Common Pleas to the United States District Court for the Southern District of Ohio, Western Division at Dayton, and request that this Court assume full jurisdiction over the case herein as provided by law.

/s/ Carrie M. Starts
Carrie M. Starts (0083922)
525 Vine Street, Suite 1700
Cincinnati, Ohio 45202
Tel: (513) 721-1311; Fax: (513) 721-2553
cstarts@reminger.com
*Counsel for Defendants Wal-Mart, Inc. and Wal-Mart Stores, Inc.*

---

[1] As more fully set forth in Part 1 above, Plaintiff asserts Defendants are liable for severe and permanent injuries, great pain and suffering, loss of ability to perform usual functions now and in the future, medical expenses, etc. (Pl.'s Compl. at ¶ 6).

[2] *See, e.g.*, *Sorenson v. Ashmore*, 4 F. Supp.2d 669, 670 (E.D. Tex. 1998) (holding that it was facially apparent from the prayer for relief in Plaintiff's Complaint that the amount in controversy exceeded $75,000.00 where the Complaint merely sought an unspecified amount of attorneys' fees, actual damages, damages for emotional distress and punitive damages).

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing has been electronically filed this 2nd day of October, 2020.  A copy has also been served via email/U.S. mail upon the following:

Stephen P. O'Keefe
sokeefe@gomedmalohio.com
The O'Keefe Firm
7385 Far Hills Ave.
Centerville, Ohio 45459
***Counsel for Plaintiff***

                                                      /s/Carrie M. Starts_____
                                                      Carrie M. Starts (0083922)